UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELIO DREGUEZ FRIAS,

    Petitioner,

v.                                    Case No. 4:15cv362/WS/CJK

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 9). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition should be dismissed for lack of subject matter jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the State of Washington penal system currently confined at Washington State Penitentiary in Walla Walla, Washington. Petitioner

is challenging administrative action by the Florida Department of Corrections ("FDOC") in refusing to award him 34 days of good-time credit against his expired Florida state sentence. In support of this claim, petitioner alleges that in September of 2013, the Circuit Court for Brevard County, Florida sentenced him to 16 months imprisonment within the FDOC for driving on a suspended license; that he was released from FDOC custody on August 20, 2014, upon expiration of that sentence; and that he was extradited to the State of Washington on a warrant for a state criminal charge in the Superior Court for Kings County, Washington (Case No. 13-1-11735-1 SEA). (Doc. 9, pp. 1, 6-7)[1]. Petitioner alleges that on January 30, 2015, he entered into a plea agreement whereby he agreed to plead guilty to the Washington charge in exchange for a sentence of 33-43 months imprisonment in Washington state prison. (*Id*., p. 7). Petitioner's Washington sentence was credited with 332 days time served prior to sentencing (174 days for time served in Florida, and 158 days for time served in the Kings County Jail). (*Id*., p. 8). Petitioner claims that the FDOC "is now refusing to award Petitioner the thirty four (34) days of good-time credit for the one hundred and seventy four days that Petitioner served in one of their prisons." (*Id*., p. 9). Petitioner claims that the FDOC's failure to award the good-time credit "would result in Petitioner's lost [sic] of his chance for early work-release and eventually more time in prison." (*Id*., p. 9-10). As relief, petitioner seeks an order requiring the FDOC to award him 34 days of good-time credit. (*Id*., p. 10).

On July 28, 2015, the undersigned ordered petitioner to explain why this proceeding should not be dismissed for lack of subject matter jurisdiction, as it

---

[1]The page numbers cited in this Report refer to numbers assigned by the court's electronic docketing system, rather than those petitioner has designated.

*Case No: 4:15cv362/WS/CJK*

appears that petitioner was not "in custody" pursuant to the Florida sentence at the time he initiated this action and that the petition may have been moot when filed. (Doc. 4). Petitioner responds that this court has jurisdiction to consider his petition for the following reason:

> As a direct result of respondent's failure to award him with the good time credit owed to him, petitioner cannot qualify to be released from prison at earliest time. Petitioner's current release date from prison is March 7, 2016.
>
> Should the respondent award petitioner with the 34 days owed to him for good time credit, then petitioner's release date would be February 1, 2016.

(Doc. 9, p. 5) (paragraph numbers omitted).

## DISCUSSION

A federal district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L. Ed. 2d 540 (1989).

The Supreme Court has recognized various circumstances where restraint short of actual, physical custody has been deemed to satisfy the "in custody" requirement. As the Eleventh Circuit explained in *Howard v. Warden*, 776 F.3d 772 (11th Cir. 2015):

> [I]t is by now well-settled that the "use of habeas corpus [is] not . . . restricted to situations in which the applicant is in actual, physical custody," *Jones v. Cunningham*, 371 U.S. 236, 239, 83 S .Ct. 373, 375, 9 L. Ed. 2d 285 (1963). Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public. *Id*. at 240-43, 83 S. Ct. at 375-77. For example, the Supreme Court has extended habeas review to petitioners released on parole, *id*. at 242-43, 83 S. Ct. at 377, released on their own recognizance pending execution of a sentence, *Hensley v. Mun. Court*, 411 U.S. 345, 351, 93 S. Ct. 1571, 1575, 36 L. Ed. 2d 294 (1973), and free on bail, *Lefkowitz v. Newsome*, 420 U.S. 283, 291 & n. 8, 95 S. Ct. 886, 891 & n. 8, 43 L. Ed. 2d 196 (1975).
>
> . . . .
>
> Section 2241 also requires a close relationship between the state's custody and the alleged constitutional violation. Specifically, a person must be in custody "under the conviction or sentence under attack at the time his petition is filed." *Cook*, 490 U.S. at 490-91, 109 S. Ct. at 1925; *see also Diaz*, 683 F.3d at 1264 (stating that the petitioner must be "in custody pursuant to the state judgment that is the subject of collateral attack").

*Id.* at 775 (*citing Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), and *Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012)); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (holding that Kentucky indictment accompanied by interstate detainer warrant was sufficient to show custody); *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001) (holding that petitioner satisfied "in custody" requirement where sentence he was presently serving was enhanced by expired conviction he sought to attack). The Court in *Maleng* emphasized, however:

> We have never held . . . that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, our decision in *Carafas v. LaVallee, supra*, strongly implies the contrary. In *Carafas*, the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court. The State argued that the unconditional discharge rendered the case moot. We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction – his inability to vote, engage in certain businesses, hold public office, or serve as a juror – prevented the case from being moot. *Id.*, 391 U.S., at 237-238, 88 S. Ct., at 1559. We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement. *Id.*, at 238, 88 S. Ct., at 1559-1560. While we ultimately found that requirement satisfied as well, we rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. *Ibid.* The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.
>
> . . . .
>       . . . While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Maleng*, 490 U.S. at 491-92 (discussing *Carafas v. Lavallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)).

It is apparent from the face of petitioner's § 2254 petition that as of August 20, 2014, his Florida sentence had fully expired. Petitioner filed his original federal

habeas petition in this court on July 15, 2015. (Doc. 1, p. 11). Petitioner does not allege, and nothing in the record suggests, that petitioner is currently under any "present restraint" attributable to his 2013 Florida state conviction. Petitioner's argument – that the FDOC's deprivation of 34 days of good-time credit against his now-expired Florida sentence is causing him to be imprisoned 34 days longer on his Washington sentence than he should be – is insufficient to establish that petitioner was "in custody" on the expired Florida sentence at the time he filed his petition. The fact that petitioner's sentences were imposed by different sovereigns, and were not imposed consecutively, distinguishes this case from *Garlotte v. Fordice*, 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995) (holding that a petitioner in state custody may challenge the first of multiple, consecutive sentences imposed by that sovereign – even where the first sentence has already been served – because the multiplicity of sentences represents "a continuous stream" of custody under 28 U.S.C. § 2254(a)); *see also Allen v. Oregon*, 153 F.3d 1046, 1048 (9th Cir. 1998) ("*Garlotte* applies only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction.").

*Maleng v. Cook, supra*, controls the disposition of this case. Because petitioner was not "in custody" under his Florida conviction at the time he filed his petition, he cannot directly attack his Florida conviction or sentence via habeas corpus, and this case must be dismissed for lack of subject matter jurisdiction.[2]

---

[2]Petitioner's amended petition lists both the 2013 Florida conviction and the 2015 Washington conviction as the "judgment of conviction you are challenging." (Doc. 9, p. 1). Even if this court found a sufficient nexus to justify allowing petitioner to indirectly challenge the FDOC's conduct by construing the petition as an attack on petitioner's Washington state sentence, this court would still lack subject matter jurisdiction because petitioner can only challenge his Washington sentence by filing a petition in the appropriate federal district court in Washington. 28 U.S.C. §

*Case No: 4:15cv362/WS/CJK*

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

2241(d) (specifying that a person in custody under the judgment of a state court may file his application for a writ of habeas corpus in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody."); *see also e.g., Rameses v. U.S. Dist. Court*, 523 F. App'x 691, (11th Cir. 2013) ("Because Rameses's Florida sentence for his state murder convictions 'has completely expired,' Rameses is not 'in custody' for the purpose of challenging those Florida convictions directly. Rather, Rameses is 'in custody' for purposes of challenging the three-strikes enhancement to his California state sentence that resulted from his expired Florida murder convictions. Accordingly, Rameses's problem is that because he is "in custody" pursuant to a sentence imposed by a state court located in California, and he is incarcerated in California, he plainly has filed his [petition] in the wrong court. Here, the district court in Florida correctly concluded that it lacked subject matter jurisdiction over the [petition] because, under § 2241(d), Rameses may only petition for a writ of habeas corpus in federal district court in California, which is both where 'the [s]tate court was held which convicted and sentenced him' and 'wherein [he] is in custody.' 28 U.S.C. § 2241(d)." (case citations omitted)).

*Case No: 4:15cv362/WS/CJK*

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That this habeas corpus proceeding be DISMISSED for lack of subject matter jurisdiction, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 21st day of September, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.